UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

MARLEEN M. LAPLANT, on her own behalf
and on behalf of a class similarly situated,

        Plaintiffs,

  v.                                                        Case No. 2:11-CV-00910

THE NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY, a
Wisconsin mutual insurance corporation,

        Defendant.
_____

**PLAINTIFF'S MOTION FOR AN ORDER
REDEFINING THE CLASS AND FOR RELATED RELIEF**
_____

Pursuant to Fed. R. Civ. P. Rules 15, 23 and 57, the plaintiff moves the court for an order providing as follows:

1. Redefining and certifying the Class herein pursuant to Fed. R. Civ. P. 23(b)(3) to be as follows:

    All persons who (a) purchased a Northwestern Mutual Life Insurance Company Flexible Premium Annuity or Retirement Annuity (or other deferred, fixed annuity) in force and in its deferral period as of March 31, 1985, and (b) did not sign the 1983 Amendment Agreement while residing in a state other than Wisconsin, and their successors in interest. Excluded from the Class are any of Northwestern Mutual Life Insurance Company's officers, trustees and their family members or affiliates.

1

2. In the alternative that the Class be redefined as stated above and certified pursuant to Rule 23(b)(2).

3. Providing that within fifteen (15) days following entry of the order requested by this motion:

   A. The plaintiff shall submit to the Court a proposed notice to be sent to the Class, with an opt-out form and a supporting memorandum, the Court thereafter to notify the parties of the form of notice to be sent to the Class.

   B. Northwestern shall provide to plaintiff's counsel the names, last known addresses and other information for all Class members equivalent to that contained in Trial Exhibit 368 for the Wisconsin Class earlier certified. This information shall be provided by Northwestern in the same electronic form as was used in providing the information for that Wisconsin Class.

4. Authorizing plaintiff's counsel to mail to the members of the Class as redefined a copy of the notice approved by the Court.

5. Appointing the plaintiff Marleen M. LaPlant and Bruce L. Williams as representatives of the Class as redefined.

6. Appointing current counsel for the Class and David Boies of the firm of Boies, Schiller & Flexner, LLP, as counsel for the Class as redefined.

7. Scheduling a status conference to be held after the Court has rendered its decision on this motion to consider and establish a schedule for appropriate further proceedings in this case.

8. Granting such further and related relief as the Court determines is just in the premises, and, in the event any relief requested above is not granted, then that the court grant such alternative relief in favor of the plaintiff and the Class as the Court determines is just in the premises.

The grounds for this motion are set forth in the supporting brief and appendix filed herewith.

Dated March 4, 2013.

_____
George P. Kersten, one of the attorneys
for the plaintiff

**Plaintiffs' Counsel:**

David Boies
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tele: (914) 749-8201
Fax: (914) 749-8300

David Boies III
Timothy D. Battin
Christopher Le
STRAUS & BOIES, LLP
4041 University Drive, Fifth Floor
Fairfax, VA 22030
Tele: (703) 764-8700

George P. Kersten (1008099)
E. Campion Kersten (1007641)
Kenan J. Kersten (1008505)
KERSTEN & MCKINNON, S.C.
11518 N. Port Washington Rd., Suite 104
Mequon, WI 53092
Tele: (262) 241-0054
Fax: (262) 241-5935

Mark B. Pollack (1010557)
GALANIS, POLLACK, JACOBS & JOHNSON, S.C.
839 N. Jefferson Street, Suite 200
Milwaukee, WI 53202
Tele: (414) 271-5400
Fax: (414) 271-5571

3

Jeffrey A. Bartos
GUERRIERI, CLAYMAN, BARTOS & PARCELLI, PC
1625 Massachusetts Avenue, NW
Washington, DC 20036
Tele: (202) 624-7400
Fax:  (202) 624-7420

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Motion and the supporting Brief and Appendix were served electronically via ECF of March 4th, 2013 on counsel of record for the defendant.

　　/s/ George P. Kersten　　　　
George P. Kersten one of the attorneys
for the plaintiff