# EXHIBIT A

## CORRECTIONS TO ERRATA IN
## PLAINTIFFS' REPLY BRIEF IN SUPPORT
## OF MOTION TO REDEFINE THE CLASS

Page 11, fn. 14, line 3: "the discharged)" should read "the claim discharged)"

Page 16, last line: "still committed a breach," should read "made the 1985 Change,"

was required but not given by NML)[14] and 261-65 (holding the assertion of a release by NML, a fiduciary, was unconscionable, and that the "release" in any event was ambiguous and thus construed against NML).[15] NML's reargument of statute of limitations (Br.21) also fails because she was clearly entitled to tolling during the *Noonan* litigation. App. 186-89, 202-06, citing cases and Wis. Stats § 893.13.[16] And NML does not challenge the ruling that her claim has all the essential elements of the class claims. App. 264-65.

NML argues Mr. Williams is subject to a "unique" defense since he also owns a life policy, supposedly creating a conflict of interest. Br. 22-23. This "defense" is neither unique[17] nor more meritorious than when rejected by the state court (App.258). It is based on a specious "zero-sum-game" theory to the effect that compensating Annuitants now for the short-fall in their dividends might reduce current life dividends, producing a net loss for Annuitants holding life policies. NML's life business is so huge compared to the Annuity block that any impact on life dividends of an award for Annuities would be imperceptible. App. 258. NML fails to show a class recovery would cause a net loss for *any* Annuitant. *Johnson v.*

---

[14] *See Bartley v. Thompson*, 198 Wis. 2d 323, 333-34 (Ct. App. 1995) (performance of an existing obligation is insufficient consideration for a contract); *Brown v. Hammermill Paper Co.,* 88 Wis.2d 224, 234 (1979) (amount paid in release must be reasonable consideration for the claim discharged); *see also, Nash v. N.Y. Life Ins. Co.,* 262 N.W. 441, 442 (Mich. 1935) (release of accrued cause of action for past injuries must be supported by consideration).

[15] *See also,* Plaintiffs' brief in opposition to NML's motion to decertify the Wisconsin class, and *Thorn Wire Hedge Co. v. Washburn & Moen Mfg. Co.,* 159 U.S. 423, 443 (1895) (equity will set aside release of fiduciary where consideration inadequate); *Noonan I* at ¶¶ 22-26 (NML is a fiduciary).

[16] Mrs. LaPlant was part of the putative *Noonan* class. Thus, the state court held, the limitation period was tolled for her until January 29, 2008. She filed her action August 26, 2008, which was clearly timely.

[17] Sales Aff. ¶ 16 (approximately 4600 Pre-MN Annuitants owned life policies); App. 299.

11

legal authority for their theories, which involve pure speculation and depend on evidence of a kind the Seventh Circuit characterizes as "preposterous" and "worthless". *Emerald Investments Ltd. Ptn. v. Allamerica Fin. Life Ins. and Annuity Co.,* 516 F.3d 612, 617, 618 (7th Cir. 2008).

Moore himself cites authorities that *prohibit* his and Dhar's methodology and *validate* Hoyer's. *See,* "Reference Guide" and ABA handbook excerpts at S.App. 29-36, cited by Moore at S.App. 24, n.25. These authorities call for making a "but-for" assumption that is counter to *fact* (*i.e.*, that defendant did not engage in the wrongful conduct) and determines plaintiff's economic position under that assumption. It then determines plaintiff's economic position in the actual world. The difference equals the damages. *See,* Charts (S.App.7-8) and Moore testimony (S.App. 93-97, 333). This is what Hoyer has done, *see,* Charts (S.App.7-8), as Moore concedes. S.App. 97.[25]

What NML's experts have done is quite different. They depart markedly from the facts, the proper measure of damages and Moore's own authorities, and instead rely on impossibly speculative hindsight. As set forth in our *Daubert* motion to exclude NML's experts' reports and in our opposition to NML's motion to exclude Robert Hoyer, these speculative approaches must be rejected.

1. **The Notice Scenario.** As detailed in the *Daubert* briefing, Moore and Dhar both hypothesize a scenario in which NML made the 1985 Change, but first

---

[25] Hoyer stops short of calling the "difference" the Annuitant's "damages" because he believes that for those who have terminated their Annuities the Court may also allow interest from the termination date (also formulaic). The "difference" plus the interest would then be the compensatory damages.

16