UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

MARLEEN M. LAPLANT, on her own behalf
and on behalf of a class similarly situated,

        Plaintiff,

        v.                                  Case No. 2:11-CV-00910

THE NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY, a
Wisconsin mutual insurance corporation,

        Defendant.

_____

**ORDER GRANTING PRELIMINARY APPROVAL OF
SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND PROVIDING RELATED
RELIEF**

_____

Plaintiff, Marleen M. LaPlant, individually and on behalf of the Class she seeks to represent (the "Settlement Class") and Defendant, the Northwestern Mutual Life Insurance Company, have determined to settle the above-captioned matter on the terms and conditions set forth in the Settlement Agreement (the "Settlement") dated March 13, 2015 a copy of which is filed with the Clerk of this Court.

Plaintiff has applied, pursuant to Fed. R. Civ. P. 23, for an order certifying a Settlement Class, appointing Settlement Class representatives and Settlement Class counsel, preliminarily approving the Settlement, approving the plan and form of notice to the Settlement Class, and setting a schedule for consideration and implementation of the Settlement.

The Court, having given due consideration to the Settlement Agreement and plaintiffs' submissions in support of preliminary approval of the Settlement, now finds that substantial and

sufficient grounds exist for entering this Order certifying a class for settlement purposes and granting preliminary approval of the class action settlement and related relief.

ACCORDINGLY, IT IS ORDERED THAT:

1. The definitions and terms set forth in the Settlement Agreement are hereby adopted and incorporated into this Order.

2. The Court hereby certifies the following class pursuant to Fed. R. Civ. P. 23 for purposes of implementing the settlement of this and certain related actions (the "Settlement Class"):

> All persons who owned a Northwestern Mutual Life Insurance Company Pre-MN Annuity that was in force and in its deferral period as of March 31, 1985 (and successors in interest or legal representatives of such persons), except for any Northwestern Mutual Life Insurance Company officers, trustees and their family members.

3. The Court finds for purposes of settlement that the prerequisites to class certification under Fed. R. Civ. P. 23(a) are satisfied, including:

   a. The proposed Settlement Class numbers in the thousands and is so numerous that joinder of all members is impracticable;

   b. There are questions of law and fact common to Class Representatives and members of the Settlement Class, including whether Defendant's 1985 change to the way dividends are determined for annuity holders violated Wisconsin law, the annuity contracts and Defendant's fiduciary duty;

   c. The claims of the proposed Class Representatives are based on the same legal theories and are typical of the claims of the members of the Settlement Class, and do not conflict with other members of the proposed Settlement Class; and

d. The proposed Class Counsel (listed in paragraph 6 below) are experienced in complex litigation, have no interests in conflict with the interests of members of the proposed Settlement Class, have displayed their commitment to representing the interests of members of the Settlement Class during the course of the litigation to date, and will fairly and adequately protect the interests of the Settlement Class.

4. The Court finds for purposes of settlement that the prerequisites to class certification under Fed. R. Civ. P. 23(b)(3) are satisfied because questions of law and fact common to all members of the Settlement Class predominate over questions affecting only individual members of the Settlement Class, and certification of the Settlement Class is superior to other available methods for fair and efficient resolution of this controversy.

5. The Court hereby appoints the following as Class Representatives of the Settlement Class: Marleen M. LaPlant, Bruce L. Williams, Beverly E. Krueger, Mark L. Becher and Timothy J. Reichart.

6. The Court hereby appoints the following as attorneys for the Settlement Class:

| | |
|---|---|
| David Boies<br>BOIES, SCHILLER & FLEXNER LLP | George P. Kersten (1008099)<br>E. Campion Kersten (1007641)<br>Kenan J. Kersten (1008505) |
| David Boies III<br>Timothy D. Battin<br>Christopher Le<br>STRAUS & BOIES, LLP | KERSTEN & MCKINNON, S.C.<br><br>Mark B. Pollack (1010557)<br>John W. Galanis (1008724)<br>GALANIS, POLLACK, JACOBS & |
| Jeffrey A. Bartos<br>GUERRIERI, CLAYMAN, BARTOS &<br>PARCELLI, PC | JOHNSON, S.C. |

7. The proposed Settlement set forth in the Settlement Agreement between the parties dated March 13, 2015 is hereby preliminarily approved. The Court finds that the

3

Settlement is within the range of settlements which could be considered fair, reasonable and adequate for the above entitled action and the related actions.

8. The proposed plan of distribution is hereby preliminarily approved.

9. The Court's preliminary approval of the Settlement shall be subject to further consideration at a hearing to be held before this Court on **August 21, 2015** at **10:30 a.m.** (the "Final Fairness Hearing"). At or following the Final Fairness Hearing, the Court will determine whether the proposed Settlement is fair, reasonable and adequate and should be finally approved by the Court. At the Final Fairness Hearing, the Court also will hear and consider the requests for award of attorneys' fees and litigation expenses, requests for incentive awards, and all objections and comments timely received by and filed with the Clerk relating to the Settlement. The Court may adjourn or reschedule the Final Fairness Hearing without further notice to the Settlement Class, and the Court may consider and grant final approval of the Settlement, with or without non-material modification and without further notice to the Settlement Class.

10. Rust Consulting, Inc. and its affiliate Kinsella Media LLC are hereby appointed Settlement Administrator and notice provider for implementation of the Settlement. US Bank is hereby appointed escrow agent.

11. On or before **April 6, 2015**, and periodically thereafter as circumstances may require, the Defendant shall advance to the Settlement Administrator the funds required to carry out the class notices ordered herein and any other reasonable necessary administration expenses, in accordance with the provisions of the Settlement Agreement.

12. The Court hereby approves the form and substance of the mailed notice to the Settlement Class in the form attached as Exhibit A, with covering letters to the Settlement Class attached as Exhibits B, C, and D. Notice shall be mailed within 21 days of this order.

13. The Court hereby approves the form and substance of the publication notice to the Settlement Class in the form attached as Exhibit E. Notice shall be published in accordance with the notice plan provided by KinsellaMedia LLC.

14. The Court finds that the procedures established for notice by the Settlement Agreement are the best practicable and are reasonably calculated, under all circumstances, to apprise the Settlement Class of the pendency of this action and the proposed Settlement, afford any Settlement Class member an opportunity to opt out or present any objections to the Settlement, and comply in all respects with Fed. R. Civ. P. 23 and the requirements of due process.

15. On or before **July 6, 2015**, attorneys for the Settlement Class shall file with the Court a request for an award of attorneys' fees and litigation expenses and a request on behalf of the Settlement Class representatives for incentive payments, both to be paid from the common fund created by the Settlement.

16. Any objections to the Settlement or any part thereof, including but not limited to requests for fees or other payments to be made from the common fund created by the Settlement, must be in writing, in compliance with the requirements set forth in the notice, and mailed to the Clerk of this Court and counsel for the parties, postmarked on or before **July 20, 2015**. Any Settlement Class member who does not timely object to the Settlement or any part thereof shall be deemed to have waived all objections and shall be forever foreclosed from challenging the fairness, adequacy or reasonableness of the Settlement.

17. Any Settlement Class member may appear at the Fairness Hearing, in person or by counsel, and shall be heard to the extent allowed by the Court. All requests to appear at the

Fairness hearing and all written comments on the Settlement shall be received and filed by the Clerk of this Court on or before **July 30, 2015**.

18. Any member of the Settlement Class who does not submit, by first-class mail, postmarked no later than **July 6, 2015**, a written request to be excluded from the Settlement Class in accordance with the requirements prescribed in the notice hereby approved by the Court shall be bound by the terms of the Settlement Agreement and by all orders and judgments of the Court affecting the Settlement Class members.

19. Not more than **30** days after the opt-out deadline, the attorneys for the Settlement Class shall file with this Court under seal a Notice of Settlement Class Exclusions, listing the names of all persons or entities who timely and validly excluded themselves from the Settlement Class.

20. Pursuant to 28 U.S.C. § 1715(d), Defendant shall notify the Court upon expiration of 90 days after the later of the dates on which the appropriate federal official and the appropriate state official are served with the notice required under 28 U.S.C. § 1715(b).

21. All proceedings in this action are stayed except as otherwise required to effectuate the terms of the Settlement Agreement, until such time as the Court renders a final decision regarding the approval of the Settlement and, if it approves the Settlement, enters a Final Order and Judgment as provided in the Settlement Agreement.

Dated: March 26, 2015

BY THE COURT:

s/ Lynn Adelman
_____
Hon. Lynn Adelman
United States District Judge