UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARLEEN M. LAPLANT, on her own behalf
and on behalf of a class similarly situated,

        Plaintiff,

v.                               Case No. 2:11-CV-00910

THE NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY, a
Wisconsin mutual insurance corporation,

        Defendant.

---

## NORTHWESTERN MUTUAL'S OBJECTION TO PLAINTIFFS' COUNSELS' FEE REQUEST

---

Defendant The Northwestern Mutual Life Insurance Company ("Northwestern Mutual") objects to plaintiffs' counsels' request for $29,120,000 in fees—35% of the available settlement amount—as excessive. Such an award would dramatically reduce the amount available to class members from roughly $82.4 million (the net settlement amount after deducting litigation and administrative costs) to roughly $53.3 million. While plaintiffs' counsel are entitled to a reasonable fee award, the amount they are seeking is unwarranted.

For instance, plaintiffs' counsel assert a $31.4 million lodestar for time purportedly spent on this case. Half of the lodestar—$15.7 million—is attributable to only three lawyers from Kersten & McKinnon, S.C. They used hourly rates of between $725 and $750 per hour, even though available data show the hourly rates for equity partners in Milwaukee with over 25 years of experience are significantly lower:

|            | Median Hourly Rate | 75th Percentile Rate |
|------------|--------------------|----------------------|
| 2013-2014  | $520               | $547                 |
| 2014-2015  | $523               | $547                 |

*Source:* **Redacted**

They also used these $725 and $750 rates for the entire case, even though these rates were presumably lower in 2008 when this case was filed.

By comparison, Northwestern Mutual has been represented throughout this case, including at the trial, by Quarles & Brady. One of the city's largest corporate law firms, Quarles & Brady charged $470 per hour throughout the entire duration of the case from 2008 until 2015 for its lead lawyer, who has tried over 100 cases to verdict in almost forty years of practice.

Not only are class counsels' requested hourly fees excessive, but so too are the number of hours they report to have spent on the case. Kersten & McKinnon's three lawyers report spending 21,308.8 hours on the case. George Kersten alone reports 9,751.20 hours, which equates to 1427 hours per year for the 6 years and 10 months from the case's inception (August 2008) to June 1, 2015. But that calculation ignores significant periods of downtime. For example, the parties have spent very little time on the case since signing the binding term sheet in September 2014; they spent only slightly more time on the case between December 2013, when the last round of certification briefing was filed, and signing the binding term sheet in September 2014; and they spent no time on the case for the over eight months while plaintiffs' remand motion was pending and the nearly six months while plaintiffs' petition for *certiorari* with the U.S. Supreme Court was pending. If those time periods and others are accounted for, George Kersten alone was spending 2,000 hours or more per year on this case. Such a high number of hours, at such a high hourly rate, is not justified—particularly when four other law firms were involved in this case.

Indeed, another of the firms, Straus & Boies, LLP, reports that its lawyers spent a total of 20,968 hours on the case. (And two of the three attorneys who spent the most time on the case assert an hourly rate of $725 and $650 per hour, respectively.) Thus, these two firms alone report having spent a total of over 42,000 hours on the case. And there were three additional firms that spent additional time. Even accepting the accuracy of these reported hours, they are excessive. Class counsel should not be rewarded for, and the class members should not consequently be disadvantaged by, the unnecessary over-lawyering of this case.

Northwestern Mutual respectfully requests that the Court deny plaintiffs' counsels' request for $29,120,000 in fees and award them a much-reduced amount that provides settlement class members with a higher proportion of the available settlement amount.

Dated this 20th day of July, 2015

By: /s/ Joshua D. Maggard

Eric J. Van Vugt (Wis. Bar No. 1017336)
Joshua D. Maggard (Wis. Bar No. 1061378)
Quarles & Brady LLP
411 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202
Telephone: (414) 277-5625
Fax: (414) 978-8625
Email: eric.vanvugt@quarles.com
       joshua.maggard@quarles.com

Adam Hoeflich (*pro hac vice*)
Bartlit Beck Herman Palenchar & Scott LLP
54 West Hubbard St. # 300
Chicago, IL 60654
Telephone: (312) 494-4400
Fax: (312) 494-4440
Email: adam.hoeflich@bbhps.com

Sean Grimsley
John Hughes
Bartlit Beck Herman Palenchar & Scott LLP
1899 Wynkoop St. 8th Floor
Denver, CO 80202

Telephone: (303) 592-3100  
Fax: (303) 592-3140  
Email: sean.grimsley@bbhps.com  
john.hughes@bbhps.com

Attorneys for Defendant  
The Northwestern Mutual Life Insurance Company

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing was served via the ECF system which will send a notice of electronic filing to the following: George Kersten, Jeffrey A. Bartos, Mark B. Pollack.

s/ Joshua D. Maggard