UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARLEEN M. LAPLANT, on her own
behalf and on behalf of a class similarly
situated,

        Plaintiff,

    v.                                          Case No. 2:11-CV-00910

THE NORTHWESTERN
MUTUAL LIFE INSURANCE
COMPANY, a Wisconsin mutual
insurance corporation,

        Defendant.

---

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT; ORDERING FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE; AWARDING EXPENSE REIMBURSEMENT AND INCENTIVE AWARDS

---

Having considered Plaintiffs' motion for final approval of the Settlement provided for in the Settlement Agreement between Plaintiffs and The Northwestern Mutual Life Insurance Company; having on March 26, 2015 granted preliminary approval to the proposed Settlement and conditionally certified the following Settlement Class:

> All persons who owned a Northwestern Mutual Life Insurance
> Company Pre-MN Annuity that was in force and in its deferral period as
> of March 31, 1985 (and successors in interest or legal representatives of
> such persons), except for any Northwestern Mutual Life Insurance
> Company officers, trustees and their family members;

having directed that notice be given to this Class of the Settlement and of a hearing to determine whether the proposed Settlement is fair, reasonable, and adequate and to hear any objections to the Settlement (the "Final Approval Hearing"); having held the Final Approval Hearing on September 30, 2015 and considered the submissions and arguments made in connection with the Settlement, IT IS HEREBY ORDERED:

1

1. This Court has jurisdiction over the subject matter of this litigation. Northwestern Mutual, Plaintiffs, and the Settlement Class have submitted to the jurisdiction of this Court for purposes of resolving any disputes arising in connection with the Settlement.

2. The definitions of terms set forth in the Settlement Agreement are incorporated as though fully set forth in this Order.

3. The Court finds that the Class Representatives and Settlement Class Counsel fairly and adequately represent the interests of the Settlement Class, there are no conflicts of interest and their appointment as Settlement Class Representatives and Settlement Class Counsel is therefore confirmed.

4. The Court finds that the form, content and manner of notice given to the Settlement Class, including mailing 70,072 notice packets to all identified living class members and potential successors in interest of deceased class members and notice by publication in the June 2015 edition of the *AARP Bulletin*, which has an estimated circulation of 22,000,000, and creation of a settlement website, complied with the requirements of Fed. R. Civ. P. 23, satisfied the requirements of due process, was the best notice practicable under the circumstances, and constituted due and sufficient notice of the Settlement and its terms, the Final Approval Hearing, and other matters referred to in the Notice. The notices given to the Settlement Class were reasonably calculated under the circumstances to inform Class Members of the pendency of these actions, of all material elements of the proposed Settlement, and of their opportunity to exclude themselves from, object to, or comment on the Settlement and to appear at the Final Approval Hearing.

5. The Court hereby makes final its certification of the Settlement Class, finding that the Settlement Class satisfies all the requirements of Rule 23. All persons within the

Settlement Class, other than those referred to in paragraph 6 below are hereby determined to be "Class Members." The Court confirms that the Class defined above meets the typicality, numerosity, commonality, and predominance requirements that justify certification, and that resolution of this matter through a class action settlement is superior to other available methods. Each Settlement Class Member is hereby bound by the terms in the Settlement Agreement and this Order.

6. The potential class members who have timely opted out of the Settlement Class, listed in Exhibit A to Rebecca A. Blake's Affidavit dated September 25, 2015, are hereby excluded from the Settlement Class.

7. The Court finds that Northwestern Mutual has served upon the appropriate state, federal and other officials a notice of proposed settlement that complies with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, and that no such official has objected to the Settlement or any part of it.

8. The Court finds that no Class Member has objected to the whole or any part of the Settlement or to the requested award to Class Counsel for attorney fees and expense reimbursement or the requested incentive awards to the Class Representatives, all as set forth in the notices given to the Class.

9. The Court finds that (1) arm's length negotiations took place in good faith between Class Counsel and counsel for Northwestern Mutual and, after years of hard fought litigation and an extensive mediation, these negotiations resulted in the Settlement Agreement and a plan of allocation; (2) serious questions of law and fact exist, making uncertain the ultimate outcome of continuing this litigation; (3) the value of an immediate recovery outweighs the possibility of a higher level of relief after protracted and expensive litigation; (4)

3

Case 2:11-cv-00910-LA   Filed 10/03/15   Page 3 of 6   Document 89

the judgment of the Parties and their respective counsel is that the Settlement is fair and reasonable; and (5) the reaction of members of the Class to the Settlement has been favorable.

10. Based on these findings, the Court concludes that the Settlement Agreement and plan of allocation provided therein are fair, reasonable, proper and in the best interest of the Settlement Class given the benefits and certainty of the Settlement, the risks, complexity, expense, and probable lengthy duration of further litigation, and the absence of any opposition to the Settlement.

11. Accordingly, plaintiffs' motion for final approval (ECF No. 81) is GRANTED and the Settlement and plan of allocation set forth in the Settlement Agreement between the parties dated March 13, 2015 are hereby APPROVED AS FINAL and found to be in all respects fair, reasonable and adequate under Fed. R. Civ. P. 23.

12. Within ten (10) business days hereof, Northwestern Mutual shall deposit to the Escrow Account the entire remaining balance of the Gross Settlement Amount, less the opt-out reduction provided for in paragraph 19 below. The Settlement Agreement and plan of allocation shall thereafter be consummated and implemented in accordance with their terms.

13. The Court hereby dismisses the above entitled action on the merits, with prejudice and without costs, and directs the parties to stipulate to the dismissal of the related, *Krueger, Becher* and *Reichart* actions on the merits, with prejudice and without costs.

14. The Settlement Class members and each of them are deemed to have released and forever discharged Northwestern Mutual from any and all Released Claims as set forth in the Settlement Agreement. The Releases shall not, however, release any claims arising from the enforcement of the Settlement.

15. The Class Members and each of them are hereby permanently barred and

enjoined from instituting or prosecuting, either directly, representatively, derivatively or in any other capacity, any other action against Northwestern Mutual or the Released Parties asserting any of the claims released by the Settlement Agreement.

16. Neither the Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement are or may be deemed to be or may be used as an admission of, or evidence of (i) the validity of any Released Claim, or of any wrongdoing or liability of any Released Party or (ii) any fault or omission of any Released Party in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Any Released Party may file the Settlement Agreement in this or any other action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good-faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. With respect to Plaintiffs' request for an award of attorney fees and expense reimbursement, the Court finds that the Gross Settlement Amount is a common fund and the Class Counsel are entitled to payment from that fund of reasonable attorney fees and reimbursement for litigation expenses. Northwestern Mutual has objected to the amount of attorney fees requested by Class Counsel, and the Court will address that issue in a separate order.

18. The Court finds Class Counsel's request for reimbursement for litigation expenses in the amount of $824,697.98 is reasonable and proper. The Court also recognizes the contribution the Settlement Class Representatives made to this litigation and finds Plaintiffs' request for $15,000 incentive awards to each of the five Settlement Class Representatives is

5

reasonable and proper. Therefore, plaintiffs' motion for expense reimbursement to Class Counsel and incentive awards to the Settlement Class Representatives (ECF No. 81) is GRANTED, and the expense reimbursement and incentive awards shall therefore be paid from the Escrow Fund.

19. The parties agree that $34,029 shall be used at this time as the opt-out reduction to be applied in the payment required of Northwestern Mutual under paragraph 12 above. Following a determination of attorneys' fees and the costs of settlement administration, Northwestern Mutual shall forthwith pay to the Escrow Account the difference between $34,029 and the Opt-out Reduction Amount determined by applying all factors listed in Sections 1.13 and 3.4 of the Settlement Agreement.

20. Without affecting the finality of this Order, the Court hereby retains jurisdiction over (a) implementation of the Settlement and any distribution of the Settlement Fund under the terms and conditions of the Settlement Agreement and pursuant to further orders of this Court, (b) ruling on the amount of attorneys' fees to be awarded Class Counsel, and (c) the Parties and Counsel for the purpose of enforcing and administering the Settlement Agreement and any disputes arising thereunder.

21. The Court finds pursuant to Fed. R. Civ. P. 54(b) that there is no just reason for delay and therefore directs that judgment be entered immediately as to Northwestern Mutual.

Dated: October 3, 2015

BY THE COURT:

s/ Lynn Adelman

Hon. Lynn Adelman
United States District Judge