## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

MARLEEN M. LAPLANT, on her own
behalf and on behalf of a class
similarly situated,

        Plaintiff,

    v.                              Case No. 2:11-CV-00910

THE NORTHWESTERN
MUTUAL LIFE INSURANCE
COMPANY, a Wisconsin
mutual insurance corporation,

        Defendant.

## ORDER APPROVING ADMINISTRATION OF CLASS
## SETTLEMENT AND FINALLY DISMISSING THIS CASE

Having reviewed the declaration filed by Philip Mattoon on behalf of the

Settlement Administrator Rust Consulting Co., Inc. ("Rust") dated August 11, 2017

and by Christopher Le dated August 11, 2017, now, on motion of Class Counsel, the

Court finds and determines as follows:

1. The distribution of settlement funds to the Class by Rust, its follow-up

    efforts to insure delivery of the settlement recoveries to as many of the

    Class Members as possible and the parties' efforts and cooperation in that

    respect have achieved maximum effectiveness in the administration of the

    class settlement.  Accordingly, the administration of the settlement is

    complete.   Upon making the payments provided in paragraphs 2 through

1

4 below, Rust has fulfilled all its obligations in this case, and is entitled to be discharged as Settlement Administrator and to receive the additional payment provided for in paragraph 2 below.

2. Approximately $403,771.44 remains in the Northwestern Mutual Annuity Settlement QSF account maintained by Rust at US Bank. Substantially all these funds represent deposits held to cover checks to Class Members who failed to negotiate them within the required deadlines, rendering the checks void. Rust performed follow-up services, including multiple mailings and telephone calls to such Class Members, and issued replacement checks where possible. These follow-up efforts required services from Rust significantly exceeding those anticipated at the time its compensation was budgeted and provided for in the Court's earlier orders. Rust's efforts were at the request of Class Counsel and were for the benefit of the Class. Rust is entitled to payment of its standard charges up to a maximum of $208,174 in full satisfaction of any claim it may have for any additional compensation beyond that authorized by earlier orders of the Court for services it has provided as Settlement Administrator in this case.

3. The law firm of Straus & Boies LLP is entitled to reimbursement of $2,010.30 for costs advanced for additional actuarial services provided by Nathan Associates, Inc.

4. Pursuant to section 3.3(d) of the Settlement Agreement, the parties have

agreed that all funds remaining after the payments referred to in paragraphs 2 and 3 above (the "Residual Funds") shall be donated *cy pres* to Marquette University Law School, to be used as directed by that school's Dean to support programs and activities relating to retirement, estate planning or elder law.

5. U.S. Bank has paid all sums from the Escrow Account as required by the Settlement Agreement and the earlier orders of the Court, and has paid the remainder to the Northwestern Mutual Annuity Settlement QSF account maintained by Rust at the US Bank. Having duly completed its services and fulfilled all its obligations in this case, US Bank is entitled to be discharged as Escrow Agent.

6. The parties herein and their respective counsel have fulfilled all their obligations under the Settlement Agreement and orders of this Court, and Class Counsel are entitled to be discharged as Class Counsel.

Therefore, IT IS ORDERED THAT:

1. The payments required under paragraphs 2 and 3 above are approved and shall be made by Rust, and the Residual Funds thereupon remaining shall be paid by Rust to Marquette University Law School, to be used as directed by that school's Dean to support programs and activities relating to retirement, estate planning or elder law;

2. The performance of the parties, their counsel, Rust, and US Bank of their duties under the Settlement Agreement and the orders of the Court are

3

approved and deemed complete;

3.  Upon making the payments provided herein, Rust is discharged as Settlement Administrator;

4.  U.S. Bank is discharged as Escrow Agent;

5.  Class Counsel are discharged as Class Counsel;

6.  The settlement of this case is completed in all respects; and

7.  This case is fully and finally dismissed.

Dated: September 9, 2017.

BY THE COURT:

/s Lynn Adelman
LYNN ADELMAN
United States District Judge

4